## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

NORTHWEST CENTRE, LLC,                )
                                      )
              Plaintiff,              )
                                      )
vs.                                   )       Civil No. 6:19-cv-01215-EFM-ADM
                                      )
NATIONAL AMERICAN UNIVERSITY,         )
a division of DLORAH, INC.,           )
                                      )
              Defendant.              )
                                      )

## ANSWER AND COUNTERCLAIM OF DEFENDANT NATIONAL AMERICAN UNIVERSITY, A DIVISION OF DLORAH, INC.

COMES NOW Defendant National American University, a division of Dlorah, Inc. by and through its counsel of record, David W. Steed of Klenda Austerman, LLC of Wichita, Kansas and responds to the Complaint previously filed herein, and admits, denies, alleges and states the following, to-wit:

1.      Those allegations not otherwise explicitly admitted are generally denied herein;

2.      Answering the allegations of Paragraph 1 of Plaintiff's Complaint, it is denied that Defendant breached the lease agreement or that the true purpose of the insurance proceeds was only to repair tenant improvements as claimed. This answering Defendant otherwise admits the balance of those allegations contained within Paragraph 1;

3.      Answering the allegations of Paragraph 2 of Plaintiff's Complaint, admitted;

4.      Answering the allegations of Paragraphs 3 and 4 of Plaintiff's Complaint, admitted;

5.      Answering the allegations of Paragraph 5 of Plaintiff's Complaint, admitted;

6.      Answering the allegations of Paragraph 6 of Plaintiff's Complaint, it is admitted the Leased Premises were located at 8428 W. 13th St. North, Suites 110 & 120, Wichita, Kansas 67212 which is a commercial building center and the balance of the allegations contained therein are denied, at this time, as stated;

7.      Answering the allegations of Paragraph 7 of Plaintiff's Complaint, this answering Defendant is without knowledge or information sufficient at the present time to form a belief as to the truth of the allegations contained therein and the same are accordingly denied, at this time, as stated;

8.      Answering the allegations of Paragraphs 8 and 9 of Plaintiff's Complaint, it is admitted that Plaintiff is a corporation organized under the laws of the State of Kansas and the Defendant is a corporation organized under the laws of the State of South Dakota and this answering Defendant otherwise is without knowledge or information sufficient at the present time to form a belief as to the truth of the allegations contained therein and the same are accordingly denied, at this time, as stated;

9.      Answering the allegations of Paragraph 10 and 11 of Plaintiff's Complaint, admitted and it is asserted the Northwest Centre Lease Agreement dated March 30, 2010 is the best evidence of any agreement between the parties;

10.     Answering the allegations of Paragraphs 12 and 13 of Plaintiff's Complaint, admitted and it is asserted Occidental Management, Inc. is the alter ego of Northwest Centre, LLC;

11.     Answering the allegations of Paragraph 14 of Plaintiff's Complaint, admitted;

12.     Answering the allegations of Paragraph 15 of Plaintiff's Complaint, it is admitted the Defendant [Tenant] agreed to pay its proportionate share of property insurance and real estate taxes

26V9751                                           2

pursuant to Article 34, Page 17 of the Lease Agreement and the balance of the allegations contained therein are denied;

13.    Answering the allegations of Paragraph 16 of Plaintiff's Complaint, it is admitted that certain Lease Agreement terms are accurately set forth although incompletely, in that the Northwest Centre Lease Agreement dated March 30, 2010 is the Best Evidence of the agreement between the parties, and the balance of the allegations contained therein are denied, at this time, as stated.  It is further admitted that as a result of the adjacent building fire occurring on November 25, 2017, the Defendant's premises were rendered uninhabitable suspending any obligation for payment of any monies until the premises were fit for habitation and use;

14.    Answering the allegations of Paragraph 16(g)(h) and (i) of Plaintiff's Complaint, it is expressly denied that Defendant at any time was in default under the terms of the written Lease Agreement and that Plaintiff through its general agent, Occidental Management, Inc., engaged in a unilateral and illegal lockout of NAU on December 22, 2017, preventing and frustrating any attempts by Defendant to resume cleanup and repair of the leased premises;

15.    Answering the allegations of Paragraph 17 of Plaintiff's Complaint, admitted;

16.    Answering the allegations of Paragraph 18 of Plaintiff's Complaint, it is admitted on November 25, 2017 an unwitnessed and negligently caused fire occurred in the Ninza Sushi Bar restaurant in Suite E 100 resulting in substantial fire and smoke damage to the leased premises;

17.    Answering the allegations of Paragraph 19 of Plaintiff's Complaint, admitted;

18.    Answering the allegations of Paragraph 20 of  Plaintiff's Complaint, denied;

19.    Answering the allegations of Paragraph 21 of  Plaintiff's Complaint, denied as stated;

26V9751                                                                   3

20.     Answering the allegations of Paragraph 22 of Plaintiff's Complaint, denied as stated in that NAU never "confirmed" that it would not reoccupy the Leased Premises and rather made a settlement proposal or offer to Plaintiff based upon the extended loss of use, only;

21.     Answering the allegations of Paragraph 23 of Plaintiff's Complaint, Defendant incorporated by reference its allegations and statements for each of the above paragraphs as if fully set forth herein;

22.     Answering the allegations of Paragraph 24 of Plaintiff's Complaint, denied and it is expressly denied that any communications establish an anticipatory breach and Plaintiff is placed upon strict proof thereof;

23.     Answering the allegations of Paragraph 25 of Plaintiff's Complaint, denied and it is expressly denied that Plaintiff had the right to unilaterally, and without notice to Tenant to extra-judicial Lock Out of the leased premises on December 22, 2017, which effectively and efficiently prevented NAU personnel and vendors from making repairs and cleaning to accelerate re-occupancy. Rather, Plaintiff locked out Defendant in an attempt to seize the personal property of Defendant so as to improperly obtain leverage and to exert ownership and control of the personal property as Plaintiff exerted over other Suites in the Northwest Centre before and after December 22, 2017;

24.     Answering the allegations of Paragraph 26 of Plaintiff's Complaint, this answering Defendant is without knowledge or information sufficient at the present time to form a belief as to the truth of the allegations contained therein and such is denied, save it is admitted Plaintiff had a duty to mitigate its damages alleged, and that a replacement written lease agreement with Starkey, Inc. apparently has been reached;

25.     Answering the allegations of Paragraph 27 of Plaintiff's Complaint, denied and it is expressly denied the damages alleged were the result of actions or omissions of the Defendant;

26V9751                                                      4

26.     Answering the allegations of Paragraph 28 of Plaintiff's Complaint, denied as to Plaintiff's calculations and Plaintiff is placed upon strict proof thereof;

27.     Answering the allegations of Paragraph 29 of Plaintiff's Complaint, denied;

28.     Answering the allegations of Paragraph 30 of Plaintiff's Complaint, denied and Plaintiff is placed upon strict proof thereof;

29.     Answering the allegations of Paragraph 31 of Plaintiff's Complaint, Defendant incorporates by reference its allegations and statements to each of the above paragraphs as if set forth in full herein;

30.     Answering the allegations of Paragraph 32 of Plaintiff's Complaint, denied, in that Defendant sustained a loss of $25,000.00 for its deductible which such monies were not received;

31.     Answering the allegations of Paragraph 33 of Plaintiff's Complaint, denied, as stated;

32.     Answering the allegations of Paragraph 34 of Plaintiff's Complaint, denied and Plaintiff is placed upon strict proof thereof;

33.     Answering the allegations of Paragraph 35 of Plaintiff's Complaint, denied and the unclean hands of Plaintiff precludes equitable relief;

34.     For further answer and by way of affirmative defense, this answering Defendant asserts the claims and allegations of Plaintiff fail to state a claim upon which relief can be granted under the laws of the State of Kansas [K.S.A. 60-212(b)(6) and Rule 12, Fed. R. Civ. P.];

35.     For further answer and by way of affirmative defense, Plaintiff claims for monetary relief are barred by the wrongful and tortious conduct of Plaintiff through its agents in its unilateral and without notice, extra-judicial Lock Out of the Defendant conducted on December 22, 2017 resulting in changing the locks and all access to the leased premises and preventing access for

26V9751                                        5

remediation, cleanup and access to the teaching aids and Nursing Studies mannequins for clinical teaching skills [Nursing Lab] which prohibits equitable relief sought by the Plaintiff;

36.     For further answer and by way of affirmative defense, repairs by the Plaintiff were not completed until March 26, 2018 [a period of four (4) months] effectively terminating the Lease Agreement by its express terms;

37.     For further answer and by way of affirmative defense, the Clean Hands Doctrine bars and/or limits any right to recovery herein;

38.     For further answer and by way of affirmative defense, the damages alleged by Plaintiff were not caused by the actions of Defendant and such damages were the cause of actions and/or omissions of Ninza Sushi Bar and/or the agents of Plaintiff;

39.     For further answer and by way of affirmative defense, the damages alleged by Plaintiff are the result of superseding and/or intervening causes and/or effects which were not the responsibility of this answering Defendant;

40.     For further answer and by way of affirmative defense, Plaintiff's claimed damages are not of the nature and/or extent alleged and Plaintiff has failed to mitigate its damages, if any;

## COUNTERCLAIM

Counter Plaintiff National American University, a division of Dlorah, Inc. for its Counterclaim against Counter Defendant Northwest Centre, LLC states and alleges the following, to-wit again:

41.     Counter Plaintiff NAU incorporates by reference the statements of allegations of each of the above paragraphs as if fully set forth herein;

42.     Pursuant to the terms of the written Lease Agreement dated March 30, 2010, National American University occupied and conducted educational activities, including its Nursing Lab in

26V9751                                          6

Suites 110 and 120 of the Northwest Centre, LLC premises at 8428 W. 13th St. North, Wichita, Kansas 67212;

43. Through no fault or contribution by NAU on November 25, 2017 an unwitnessed fire occurred in Suite E 100 adjacent to the NAU leased premises resulting in fire, smoke and water damage to the leased premises;

44. The fire occurred as a result of the negligence and failure to follow established shut down procedures by Ninza Sushi Bar employees and/or agents in failing to clean and empty a Rice Warmer at the close of its business, and in failing to turn off the Rice Warmer and unplug the device. Specifically, the Wichita Fire Marshal found the device was plugged into a power strip and was stored above highly combustible Styrofoam food trays all contrary to restaurant established policies and procedures;

45. The Ninza Sushi Bar negligence and willful disobedience of established closing procedures occurred at the common wall causing extensive smoke and fire damage to the NAU leased premises and causing destruction of multiple HVAC units serving the leased premises and the electrical control panel;

46. The negligence and failure to follow established procedures is imputed to Northwest Centre who had an obligation to inspect and to ensure Quiet Enjoyment of the leased premises [Paragraph 19, Lease Agreement];

47. Pursuant to Paragraph 20 of the Lease Agreement, Counter Defendant failed to timely effectuate repairs to the leased premises and the lease was terminated by operation of law;

48. Pursuant to Paragraph 29 of the Lease Agreement, Counter Defendant failed to correct its default within fifteen (15) days constituting a default of Landlords obligations to Counter

26V9751                                                7

Plaintiff.  See Michael Trump letter to Occidental Management dated January 5, 2017 [sic 2018] attached hereto and marked as Exhibit "A";

49.    As a result thereof, Counter Plaintiff unilaterally and without justification and in an extra-judicial manner locked out employees or representatives of NAU on December 22, 2017 effectively frustrating and terminating any further cleanup, or use of the Leased Premises;

50.  As established by Exhibit "B" Northwest Center continued to deny access to the Leased Premises until a "Walk Through" was permitted on March 14, 2018 to determine the status of repairs.  Thereafter, Counter Plaintiff was required to threaten to file a Petition for Replevin wherein Counter Plaintiff relented and no Replevin was necessary.  Employees of N.A.U. were permitted on June 12 and June 13, 2018 to remove its personal property from the premises resulting in substantial loss of use of the Nursing lab, educational materials and other personal property;

51.    As a result of the extra-judicial self-help "Lock Out" taken by Counter Defendant on December 22, 2017 N.A.U. has sustained damages through access to its business equipment, interruption of class schedules and moving and clean-up expenses in an unliquidated amount in excess of $75,000.00;

52.    Pursuant to the provisions of Paragraph 56 of the Lease Agreement, Counter Plaintiff is entitled to its reasonable expenses including reasonable attorney fees and costs.

WHEREFORE, Counter Plaintiff National American University prays for judgment for its damages sustained as a result of the Ninja Sushi fire which occurred through no fault of N.A.U., for its business interruption and interference with educational activities, for its moving expenses, for its lost time, and for its expenses, attorney fees and costs pursuant to the terms of the Lease Agreement and for all other relief just and proper in the premises.

26V9751                                              8

Respectfully submitted,

KLENDA AUSTERMAN LLC

s/David W. Steed
David W. Steed, #13009
301 North Main Street, Ste. 1600
Wichita, KS 67202-4816
Telephone:     (316) 267-0331
Facsimile:     (316) 267-0333
dsteed@klendalaw.com
*Attorney for Defendant*

## DEMAND FOR JURY TRIAL

Defendants hereby demand trial by jury on all issues so triable as a matter of right including a

jury of twelve (12) persons for all issues in the above-captioned matter.

s/David W. Steed
David W. Steed, #13009

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of October, 2019, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which will send electronic notice of this filing to the attorneys of record.

s/David W. Steed
David W. Steed, #13009

26V9751                                          9



## NATIONAL AMERICAN UNIVERSITY
### CENTRAL ADMINISTRATION

Via Certified Mail Return Receipt Request

January 5, 2017

Occidental Management, Inc.
8111 E. 32nd St. N., Suite 101
Wichita, KS 67226

Re:  Notice of Default
     Lease Agreement
     8428 W. 13th St., N., Suites 110 & 120
     Wichita, Kansas 67212

Greetings:

Notice is hereby given that Northwest Centre, LLC, is in default in the terms of the above-referenced Lease Agreement. Specifically, Northwest Centre LLC and/or its agent, Occidental Management, Inc., has denied, and continues to deny, National American University (NAU) access to, and possession of, the leased premises in violation of Article 19 of the Lease Agreement.

In your December 22, 2017 email to Mike Buckingham, NAU President or Real Estate Operations, you state that NAU has provided "written intent to breach/default the Lease Agreement…" NAU has given no such indication and no reasonable person could come to that conclusion following a reading of Mike Buckingham's letter of December 21, 2017. Mr. Buckingham's letter simply explained NAU's obligation to continue to serve its students, an obligation NAU takes very seriously and which requires proper facilities and equipment.

Contrary to the allegations in your email, NAU has not vacated nor abandoned the leased premises. It simply intends to move equipment required in its nursing program to another location, so that it can continue to teach nursing students. Your second allegation that NAU has failed to operate and conduct business as required under Article 7 of the Lease Agreement is ludicrous, given that NAU cannot conduct operations in the damaged premises.

Sincerely,

Michael Trump
Associate General Counsel
o: (605) 721-5309
e: mtrump@national.edu

cc: Mike Buckingham (via email)

5301 Mount Rushmore Road | Rapid City, SD 57701
605.721.5200 | 800.843.8892 | 605.721.5240 fax | www.national.edu

National American University is accredited by the Higher Learning Commission. www.hlcommission.org | 8

EXHIBIT

"A"

# KLENDA AUSTERMAN LLC

### Attorneys at Law

Gary M. Austerman
John V. Wachtel, IV
J. Michael Morris
Jeffrey D. Peier
Scott A. Eads
John B. Gilliam
Gregory B. Klenda
Christopher A. McElgunn
Todd E. Shadid
Chad S. Nelson
◆ Christopher J. Vinduska
David W. Steed
Michelle L. Brenwald
Chasity M. Helm
◆ Michael L. Baumberger
Eric W. Lomas
Aaron J. Good

1600 Epic Center, 301 N. Main
Wichita, Kansas 67202-4816

Telephone: (316) 267-0331
Telefacsimile: (316) 267-0333

www.KlendaLaw.com

Aaron C. Boswell
Alex P. Flores
Samuel W. Jones

Of Counsel
Robert W. Kaplan
Carlos J. Nolla-Corretjer
◆ Bryant E. Parker

◆ Licensed also in Missouri

L.D. Klenda (1937-1996)
Bruce W. Zuercher (1931-2008)

April 20, 2018

Via Email: rkthompson@martinpringle.com
Richard K. Thompson
Martin Pringle
100 N. Broadway Ave., Ste. 500
Wichita, KS 67202

Re:     National American University
        Lease Agreement
        8428 W. 13th St. N., Stes 110 & 120
        Wichita, KS 67212

Dear Mr. Thompson:

Thank you for allowing us to inspect the premises on March 14, 2018 at 8428 W. 13th St. N., Suites 110 & 120 which is located within North Centre, LLC. As you know, we did not have adequate time to inventory the property of NAU and the purpose of the visit was to confirm the status of repairs.

As you also know, through no fault of NAU the Ninza Sushi restaurant at Suite 100 caught fire on November 25, 2017 rendering our premises uninhabitable and unfit for our business operations.

Based upon the length of time estimated for repairs, a negotiated settlement offer pursuant to K.S.A. 60-452 was extended by NAU to Occidental Management/North Centre because of the ongoing obligations of the University to continue student programs.

Rather than negotiate in good faith your client elected to engage in self-help and, in fact, locked us out of the premises on December 22, 2017. This was in violation of Paragraph 19 of the Lease Agreement and your obligation to provide Quiet Enjoyment of the premises.

EXHIBIT
"B"

Richard Thompson
April 20, 2018
Page 2 of 2

To date, the property of NAU necessary to continue business operations has been denied us. More importantly, repairs have not been effected despite the obligations of North Centre at Paragraph 20 of the Lease Agreement.

We have been instructed to file a formal Petition and seek replevin of our ownership property unless arrangements are made very promptly for return of the property and access for those purposes. Prompt access for return of our property may serve as a basis for avoidance of formal litigation. If we have not received a satisfactory response by April 27, 2018 we will take all measures necessary in this regard.

May we hear from you in this regard?

Sincerely,

David W. Steed

DWS/tmk