# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

NORTHWEST CENTRE, LLC,

    *Plaintiff,*

 vs.

NATIONAL AMERICAN UNIVERSITY,
a division of DLORAH, INC.,

    *Defendant.*

Case No. 6:19-cv-01215-EFM-ADM

## MEMORANDUM AND ORDER

Two motions are presently before the Court. First, Plaintiff Northwest Centre, LLC's ("Northwest") has filed a Motion to Quash or Set Aside Notice of David Steed's attorney's lien (Doc. 33). Second, Northwest has filed an Unopposed Motion to Dismiss All Claims and Counterclaims with Prejudice (Doc. 30) pursuant to a settlement agreement between the parties. For the reasons stated in detail below, the Court grants both motions.

### I.    Factual and Procedural Background

Northwest originally commenced an action against National American University ("NAU") for breach of contract. NAU hired David Steed to represent it in the litigation. At some point, Steed ceased representing NAU. The parties eventually reached a settlement on all claims and counterclaims, wherein NAU would pay Northwest $50,000 by May 5, 2020. NAU successfully completed those payments on schedule. On May 12, with both parties' agreement,

Northwest filed an unopposed motion to dismiss all claims pursuant to the settlement agreement. On May 13, Steed filed a notice of an attorney's lien under K.S.A. § 7-108 amounting to $25,939.69 on any settlement between the parties. Subsequently, Northwest brought a Motion to Quash or Set Aside Notice of the lien. No response has been filed.

### III.   Discussion

**A.   Motion to Quash**

Northwest contends that Steed is not permitted to have an enforceable lien against payments made by NAU to Northwest. Each party relies on K.S.A. § 7-108, which states that an attorney may have an enforceable lien "upon money due to the client and in the hands of the adverse party." Steed infers from the statutory language that he may put a lien on payments due *to* the adverse party (Northwest) *from* his client (NAU).

After an attorney files notice of a lien with the court, "the sufficiency of a claimed lien may be determined by the court on the hearing of a motion to set aside the lien filed by a party whose interest is sought to be subjected to payment."[1] Whether Steed's claimed lien was sufficient is an issue of statutory interpretation. Courts "[w]hen interpreting a statute . . . must give effect to its plain and unambiguous language [and] will not read into the statute words not readily found there."[2] Accordingly, courts have recognized that an attorney may put a lien on money owed to his or her client.[3]

---

[1] *Dannenberg v. Dannenberg*, 151 Kan. 600, 100 P.2d 667, 667 (1940).

[2] *State v. Arnett*, 307 Kan. 648, 413 P.3d 787, 791 (2018).

[3] *See In re Marriage of Brown*, 279 Kan. 282, 109 P.3d 1212, 1218 (2005) (upholding divorce attorney's lien on payment due his client.

However, in *Wilson v. Jenkins*,[4] the Kansas Court of Appeals refused to extend K.S.A. § 7-108 to include money to which the attorney's clients "were not entitled."[5]  In *Wilson*, adult children successfully brought a claim against their parents for misuse of a partnership's funds.[6]  After a judgment in the children's favor, the parents' attorneys claimed a lien on the judgment.[7]  The court set aside the attorneys' lien, stating that "a statutory lien [only] exists when there is money due to the client as a result of a judgment in a case."[8]  Because no money was due the parents, the attorneys could not put a lien on the judgment.[9]  Similarly, in *Holmes v. Waymire*,[10] the attorney placed a lien on land owed to his client.[11]  Striking down the attorney's lien, the court held that "the attorney's lien [may not be] given upon the subject–matter of the action, but is restricted to *money due his client and in the hands of the adverse party*."[12]

In the present case, Steed has claimed a lien on his client's settlement payments to Northwest.  The settlement agreement makes no mention of Northwest owing NAU any money.  Therefore, like the invalid liens in *Wilson* and *Holmes*, Steed's asserted lien does not attach to money owed to his client by Northwest.  To interpret K.S.A. § 7-108 as allowing attorneys to place liens on money owed *by* a client *to* an adverse party is inconsistent with the statute's plain

---

[4] 2012 WL 222939 (Kan. Ct. App. 2012).

[5] *Id.* at *2.

[6] *Id.* at *1.

[7] *Id.* at *3.

[8] *Id.* at *4.

[9] *Id.*

[10] 73 Kan. 104, 84 P. 558 (1906).

[11] *Id.* at 559.

[12] *Id.* (emphasis added)

language. Because Steed's lien attempts to attach to assets outside the statutory provision of K.S.A. § 7-108, it is invalid and unenforceable. Accordingly, the Court grants Northwest's Motion to Quash.

### B.  Unopposed Motion to Dismiss

Northwest has also filed an unopposed Motion to Dismiss all claims and counterclaims in the action with prejudice. Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, the Court may dismiss an action at the plaintiff's request "on terms that the court considers proper."[13] Here, the parties have reached a settlement agreement which has resolved all the claims and counterclaims between them. The Court considers full resolution of all claims with each party's consent proper. Furthermore, although not required by Rule 41, the Court grants Northwest's Motion to Dismiss all claims and counterclaims with prejudice.

**IT IS THEREFORE ORDERED** that Northwest's Motion to Quash (Doc. 33) is **GRANTED**.

**IT IS FURTHER ORDERED** that Northwest's Motion to Dismiss (Doc. 30) is **GRANTED**.

**IT IS SO ORDERED.**

The case is dismissed.

Dated this 22nd day of July.

*[signature: Eric F. Melgren]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[13] Fed. R. Civ. P. 41(a)(2).